DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.

---

WALTER ALLEN, Respondent, *v.* DAVID RODGERS, Appellant.

*Employment to sell land, on a commission — denial of the existence of the contract — rulings on evidence.*

On the trial of an action brought to recover a commission upon the selling price of land, alleged by the plaintiff to have been negotiated by him under employment by the defendant, where the defendant denied the employment of the plaintiff and the existence of any agreement between them on the subject of the sale of the property, the defendant endeavored to show, by proof of a conversation which he had with a person whom the subsequent purchaser of the land had sent to him, that such purchaser was aiding the plaintiff in efforts to swindle the defendant. This evidence was excluded.

*Held,* that the ruling was proper; that evidence tending to prove that the defendant had negotiated with the person himself, who subsequently purchased the land, would have been proper and admissible, but inferences from conversations with a third person as to underhanded intentions on the part of the subsequent purchaser were clearly inadmissible.

There was a question in the case as to money claimed to have been borrowed of the plaintiff by the defendant; the defendant endeavored to give evidence of a conversation in regard to a loan obtained by him from the subsequent purchaser of the land, but the evidence was excluded.

*Held,* that as the conversation had no connection with the plaintiff or with the money claimed to have been borrowed by the plaintiff from the defendant, it was irrelevant and inadmissible.

The following question, put to the defendant by his counsel, was excluded : "Did you at any of the time know that the plaintiff was working for you ?"

*Held,* that the question was properly excluded, as immaterial, and as calling for

a conclusion, and as indefinite; and, moreover, that its rejection was rendered harmless by evidence on the subject subsequently admitted.

Evidence offered by the defendant, that certain persons had made claims against him for selling the same land, was excluded as immaterial to the issue.

*Held*, that this ruling was proper; that in determining the question at issue between the parties to the action, it would be clearly inadmissible, on the ground of incompetency, to receive testimony, to prove the non-acceptance of the contract by the parties, showing that other persons had undertaken the same work as the plaintiff.

APPEAL by the defendant, David Rodgers, from a judgment of the County Court of Chautauqua county, entered in the office of the clerk of that county on the 20th day of June, 1890, upon the verdict of a jury, and also from an order denying the defendant's motion for a new trial made upon a case and exceptions.

*John G. Record*, for the appellant.

*W. B. Hooker*, for the respondent.

MACOMBER, J. :

This action was brought upon an alleged contract wherein the plaintiff claimed the existence of an agreement with the defendant to sell property owned by the defendant in the city of Dunkirk at the price then and there stated by the parties to be $16,000. It is alleged by the plaintiff that after the sale of the property at that price, he was to have three per cent commission for his services. The defendant denies the existence of any agreement respecting the sale of this property, or that the plaintiff was ever in his employ for that purpose.

The plaintiff further claims in addition to the making of this contract, that the defendant made him a payment, partly in cash, and the answer contains a general denial of all the allegations in the complaint. This appeal is made upon exceptions taken at the trial to certain evidence admitted by the trial court. A verdict was brought in for the plaintiff for the relief asked for in the complaint.

As no exceptions were taken by the defendant to the charge of the court, and no requests to charge were made by the defendant, nor was any motion made for a nonsuit or a dismissal of the case, it follows that it is for this court to pass judgment solely upon the

question whether any errors were committed by the trial court in the admission of evidence.

The case shows several rulings against the defendant, but to which no exceptions were taken, and these, of course, cannot avail the defendant upon appeal for a new trial. The first exception taken by the defendant occurs in folio 78, where the defendant endeavored to show that he went to a picnic on what he was informed was an invitation from Dotterweich (the subsequent purchaser of the property in question), and that Dotterweich was aiding Allen in his efforts to swindle the defendant. This was properly excluded by the learned trial justice. The conversation sought to be proved was not with Dotterweich, but with a party whom he had sent after the defendant. Evidence tending to prove that the defendant had negotiated with Dotterweich himself in regard to the sale of the farm, would have been proper and admissible, but inferences from conversations with a third party as to underhanded intentions on the part of Dotterweich were clearly inadmissible.

Again, at folio 84, an exception was given to the defendant upon the exclusion of the conversation in regard to the borrowing of two dollars by defendant. This conversation was in regard to a loan of two dollars which the defendant obtained, not from the plaintiff Allen, but from Dotterweich, and had no connection whatever with the plaintiff or the money claimed to have been borrowed of plaintiff by defendant, and hence was irrelevant and inadmissible.

To the exception taken by the defendant in regard to the exclusion of evidence in answer to the question, " Did you at any of the time know that Mr. Allen was working for you ? " there was no error made. This question was properly excluded as immaterial, and as calling for a conclusion from the witness ; it was also indefinite, and, inasmuch as by the next question the defendant was permitted to show that at the time the contract was made he did not know that Allen claimed to be working for him, leaving the question of the admissibility of it out of the question, there was no harm done by its rejection. The only other exception taken by the defendant, which calls for a decision by us, relates to the exclusion by the court of the evidence that persons other than Mr. Smith made claims against the defendant for selling land. This was rejected as immaterial to the issue. In determining the question at issue between

the parties hereto it would be clearly inadmissible, on the grounds of incompetency, to receive testimony to prove the non-acceptance of the contract by the parties, by showing that other persons had undertaken the same work as the plaintiff.

There are other exceptions, but the above are the only ones of sufficient importance for us to pass upon, and having found that no error was committed by the justice in the admission of such evidence, under the circumstances the claims made by the plaintiff that the evidence shows a strong preponderance in favor of the defendant cannot be sustained. It is unnecessary to go further into the questions raised on the trial, and for this reason it follows that the judgment of the County Court should be affirmed, with costs to the respondent.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order of the County Court of Chautauqua county appealed from affirmed, with costs.

